UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MITSUBISHI MOTORS CREDIT OF
AMERICA, INC.,

                                Plaintiff,        <u>REPORT AND</u>
                                                        <u>RECOMMENDATION</u>
    -against-
                                                         CV 07-3528 (DRH) (ETB)

COUNTRY MOTORS LLC, MICHAEL A.
CARUSO and STEVEN M. GAJESKI,,

                                Defendants.
----------------------------------------------------------------X

TO THE HONORABLE DENIS R. HURLEY, UNITED STATES DISTRICT JUDGE:

        Before the court is the motion of the plaintiff, Mitsubishi Motors Credit of America, Inc. ("plaintiff" or "Mitsubishi"), for summary judgment, pursuant to Federal Rule of Civil Procedure 56, against defendants Country Motors LLC ("Country Motors"), Michael A. Caruso ("Caruso") and Steven M. Gajeski ("Gajeski") (collectively referred to as "defendants"). Defendants have not filed any opposition to plaintiff's motion. For the following reasons, I recommend that plaintiff's motion be granted in its entirety.

FACTS

        Plaintiff, Mitsubishi, is a California corporation with its principal place of business located in California.[1] (Pl. R. 56.1 Statement ("Pl. R. 56.1") ¶ 1.) Defendant Country Motors

---

[1] Local Civil Rule 56.1(c) states that "unless specifically controverted by a correspondingly numbered paragraph in the statement [of material facts] required to be served by the opposing party," the material facts set forth in the moving party's Rule 56.1 statement "will be deemed to be admitted for purposes of the [summary judgment] motion." Loc. Civ. R.

-1-

was a new and used car dealership located in Huntington, New York. (Id. ¶ 2.) On October 1, 2001, Mitsubishi and Country Motors entered into a Motor Vehicle Inventory Loan and Security Agreement (the "Agreement"), pursuant to which Mitsubishi provided wholesale floor plan financing to Country Motors so that Country Motors could acquire vehicles and inventory for use in its automobile dealership business. (Id. ¶ 3; Aff. of Jason Boyd, dated Mar. 19, 2008 ("Boyd Aff."), Ex. A.) As security for the Agreement, Country Motors granted Mitsubishi a security interest in its collateral, including, but not limited to, all of Country Motors' vehicles, inventory, machinery, equipment, furniture, accounts, chattel paper, general intangibles, contract rights, credits due from manufacturers and any proceeds of the foregoing items. (Pl. R. 56.1 ¶ 4; Boyd Aff., Ex. A § 10.) Mitsubishi perfected its security interest in Country Motors' collateral, as required by the New York Uniform Commercial Code. (Pl. R. 56.1 ¶ 5; Boyd Aff., Ex. B.) Defendants Caruso and Gajeski executed personal guaranties with respect to Country Motors' obligations under the Agreement on October 1, 2001 as well. (Pl. R. 56.1 ¶¶ 6-7; Boyd Aff., Ex.

---

56.1(c); see also Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."); Layachi v. Minolta Bus. Sys., Inc., No. 00 Civ. 731, 2001 WL 1098008, at *1 (S.D.N.Y. Sept. 18, 2001) ("A [plaintiff's] Rule 56.1 statements are deemed admitted by [defendant] . . . when no opposition has been filed."). Moreover, "where a party against whom summary judgment is sought fails entirely to respond to the motion, the court need ensure only that the averments in the movant's Rule 56.1 statement are supported by evidence and show an absence of a genuine issue for trial." Morisseau v. Piper, No. 06 Civ. 13255, U.S. Dist. LEXIS 4699, at *60 (S.D.N.Y. Jan. 23, 2008) (citing Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 243 (2d Cir. 2004)) (additional citation omitted). Accordingly, since defendants have failed to file any opposition to the within motion, all of the facts in plaintiff's Rule 56.1 statement will be deemed admitted for purposes of determining summary judgment. I further conclude that Mitsubishi's submissions on this motion constitute admissible evidence in support of their application for the relief it has requested, discussed infra at Part III.

C-D.)  In addition, on December 5, 2001, Mitsubishi and Country Motors entered into an Installment Note, whereby Mitsubishi loaned Country Motors a principal amount of $750,000, plus interest, to be used as working capital in Country Motors' dealership.  (Pl. R. 56.1 ¶¶ 8-9; Boyd Aff. ¶ 10 and Ex. E, annexed thereto.)

Beginning in May 2004, Country Motors defaulted in the payment of its floor plan obligations under the October 1, 2001 Agreement.  (Pl. R. 56.1 ¶ 10.)  The total amount of outstanding floor plan debt under the Agreement is $25,771.15, which represents a principal amount of $22,748.85, plus interest of $3,022.30, accrued through March 3, 2008.  (Id. ¶ 11.)  Country Motors similarly defaulted in its repayments under the December 5, 2001 Installment Note.  (Id. ¶ 12.)  The total amount due under the Installment Note is $296,138.58, which represents the unpaid principal amount of $237,500, plus interest of $58,638.58, accrued through March 3, 2008.  (Id. ¶ 13.)  The total amount due and owing from Country Motors is $321,909.73, plus attorney's fees and expenses, as discussed infra.  (Id. ¶ 19.)

Pursuant to the personal guaranties executed on October 1, 2001, Caruso and Gajeski guaranteed and promised to pay, upon demand, Country Motors' obligations to Mitsubishi.  (Id. ¶ 15; Boyd Aff., Ex. C-D.)  Neither Caruso or Gajeski has revoked or otherwise terminated their guaranties.  (Pl. R. 56.1 ¶ 18.)  Mitsubishi has made several demands of defendants for the outstanding sums due and owing under both the Agreement and the Installment Note.  (Id. ¶ 16.)  However, none of Country Motors' indebtedness to Mitsubishi has been repaid by any of the defendants.  (Id. ¶ 20.)

Under the Agreement, the Installment Note and the guaranties executed by Caruso and Gajeski, defendants agreed to pay reasonable attorney's fees and expenses incurred by

Mitsubishi in connection with the enforcement of those contracts. (Id. ¶ 21; Aff. of Richard C. Maider, dated Mar. 28, 2008 ("Maider Aff."), ¶¶ 9-10; Boyd Aff., Ex. A, C, D, E.) As of March 14, 2008, Mitsubishi incurred attorney's fees and expenses in the amount of $13,279.18. (Pl. R. 56.1 ¶ 22; Maider Aff. ¶ 12.)

The total amount due and owing by defendants, for which Mitsubishi seeks summary judgment, is $335,188.91.

DISCUSSION

I.  Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden is on the moving party to establish the lack of any factual issues. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The very language of this standard reveals that an otherwise properly supported motion for summary judgment will not be defeated because of the mere existence of some alleged factual dispute between the parties. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Rather, the requirement is that there be no "genuine issue of material fact." Id. at 248.

The inferences to be drawn from the underlying facts are to be viewed in the light most favorable to the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986). When the moving party has carried its burden, the party opposing summary judgment must do more than simply show that "there is some metaphysical doubt as to

the material facts." Id. at 586. Under Rule 56(e), the party opposing the motion "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248.

II.     Summary Judgment by Default

Pursuant to Federal Rule of Civil Procedure 56(e), if the non-moving party fails to respond to a summary judgment motion, "summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e). As the Second Circuit has announced:

> [L]itigants should be on notice from the very publication of Rule
> 56(e) that a party faced with a summary judgment motion 'may not
> rest upon the mere allegations or denials' of the party's pleading
> and that if the party does not respond properly, 'summary judgment,
> if appropriate, shall be entered' against him.

Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) (quoting FED. R. CIV. P. 56(e)). Furthermore, the local rules of the district courts in the circuit provide notice that action is called for in response to a motion for summary judgment. See id.; see also E.D.N.Y. LOCAL R. 56.1.

Courts in this Circuit have routinely granted summary judgment by default where a party has failed to respond to the motion in violation of court rules or scheduling orders. See, e.g., Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248 (2d Cir. 1997) (affirming summary judgment by default for failure to respond to the motion despite a local court rule that failure to respond to a motion is deemed consent to that motion); In re Towers Fin. Corp. Noteholders Litig., 996 F. Supp. 266 (S.D.N.Y. 1998) (adopting Report and Recommendation of magistrate that summary judgment should be granted by default against defendants who failed to respond to motion by court-ordered deadline); Modefine S.A. v. Burlington Coat Factory Warehouse Corp.,

919 F. Supp. 723 (S.D.N.Y. 1996) (granting summary judgment by default against defendants who failed to respond to motion by deadline set by court).

Here, defendants have failed to file any opposition to Mitsubishi's motion for summary judgment. Accordingly, based on Rule 56(e) and the foregoing case law, Mitsubishi's motion should be granted.

III.   The Merits of Plaintiff's Summary Judgment Motion

Mitsubishi is also entitled to summary judgment based on the merits of its motion. The crux of this action is twofold: (1) breach of contract and (2) breach of personal guaranties. Mitsubishi has successfully established that no genuine issues of fact exist with respect to both causes of action and is, accordingly, entitled to judgment as a matter of law.

A.   Breach of Contract

In order to succeed on a cause of action for breach of contract under New York law, a plaintiff must establish "(1) the existence of a contract; (2) due performance by plaintiff; (3) breach of the contract by defendant; and (4) damage as a result of the breach." Campo v. 1st Nationwide Bank, 857 F. Supp. 264, 270 (E.D.N.Y. 1994) (citing R.H. Damon & Co. v. Softkey Software Prods., Inc. 811 F. Supp. 986, 991 (S.D.N.Y. 1993)) (additional citation omitted). Mitsubishi has established all of the requisite elements.

There is no dispute that Mitsubishi and Country Motors entered into both the Agreement and the Installment Note. (Boyd Aff. ¶¶ 6, 10 and Ex. A and E, annexed thereto.) Pursuant to these contracts, Mitsubishi loaned monies to Country Motors so that it could acquire vehicles, parts and accessories necessary to conduct its dealership business, thereby satisfying its

performance obligations under the contracts. (Boyd Aff. ¶¶ 10-11.) Country Motors, however, failed to perform its obligations and defaulted in the repayment of both the floor plan financing, pursuant to the Agreement, and the money advanced pursuant to the Installment Note. (Id. ¶¶ 12, 18.) As a result of Country Motors' default, Mitsubishi has suffered damages in the amount of $25,771.15 with respect to the Agreement and $296,138.58 with respect to the Installment Note. (Id. ¶¶ 17-18 and Ex. F and G, annexed thereto.) Country Motors has offered no evidence to dispute the foregoing.

Based on the foregoing, there is no genuine issue of material fact with respect to Mitsubishi's breach of contract claim. Accordingly, I recommend that Mitsubishi's motion for summary judgment with respect to this claim be granted and that Mitsubishi be awarded a judgment against Country Motors in the amount of $321,909.73, which represents the $25,771.15 due and owing under the Agreement as well as the $296,138.58 due and owing under the Installment Note.

> B. Breach of Guaranties

"New York courts recognize the enforceability of guarantee agreements." Ford Motor Credit Co. v. Miller, 990 F. Supp. 107, 110 (N.D.N.Y. 1998) (citing cases). To prevail on a claim for breach of a guaranty under New York law, plaintiff must establish "(1) that it is owed a debt from a third party; (2) that the defendant made a guarantee of payment of the debt; and (3) that the debt has not been paid by either the third party or the defendant." I. Appel Corp. v. Val Mode Lingerie, Inc., Nos. 97 Civ. 6938, 97 Civ. 8230, 2000 U.S. Dist. LEXIS 2084, at *26 (S.D.N.Y. Feb. 28, 2000) (quoting Chem. Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994)) (additional citation omitted).

It is undisputed here that defendants Caruso and Gajeski executed guaranties for the indebtedness of Country Motors, pursuant to which each agreed to be jointly and severally liable for Country Motors' failure to repay the monies advanced to it by Mitsubishi. (Boyd Aff. ¶¶ 9 and Ex. C and D, annexed thereto.) As stated supra, Country Motors is liable to Mitsubishi for the outstanding debt of $321,909.73, none of which has been repaid by any of the defendants, despite demands to do so from Mitsubishi. (Boyd Aff. ¶¶ 17-21.) Defendants have offered no evidence to contradict the foregoing.

Based on the foregoing, there is no genuine issue of fact with respect to Mitsubishi's claim for breach of the guaranty agreements by Caruso and Gajeski. Accordingly, Mitsubishi should be granted summary judgment with respect to this claim and should be awarded a judgment against Caruso and Gajeski in the amount of $321,909.73, which represents the amount of debt due and owing by Country Motors.

  C. <u>Attorney's Fees</u>

Pursuant to the Agreement, the Installment Note and the guaranty agreements, defendants are also liable for the reasonable attorney's fees and expenses incurred by Mitsubishi in connection with this action. Specifically, the Agreement between Mitsubishi and Country Motors provides as follows:

> In the event of default, Dealer shall pay all costs of Lender incurred in the collection of any Collateral and enforcement of this Agreement, including but not limited to those costs incurred in bankruptcy proceedings, expense of locating the Collateral, expense for any repairs to any realty or other property to which any of the Collateral may be affixed or be apart [sic] of, and reasonable attorneys' fees and legal expenses, at trial, on appeal or otherwise, where permitted by applicable law.

(Boyd Aff., Ex. A § 19.)

Similarly, the Installment Note provides that Country Motors "promise[s] to pay all costs of collection, including reasonable attorney's, incurred in the collection of this note." (Boyd Aff., Ex. E.) Finally, the guaranties executed by Caruso and Gajeski provide as follows:

> [I]n the event Debtor fails at any time or times to promptly pay any and all indebtedness which now exists and/or may hereafter accrue from Debtor to [Mitsubishi] as the same becomes due, the undersigned and each of them jointly and severally promises to pay any and all such indebtedness as the same becomes due from Debtor to [Mitsubishi], immediately, upon demand, with all costs including attorney's fees incurred in enforcing payment under this instrument . . . .

(Boyd Aff., Ex. C and D.)

"Under New York law, a contractual provision for the recovery of attorney's fees is enforceable." Am. Fin. Servs. Group v. Treasure Bay Gaming & Resorts, Inc., No. 99 Civ. 1068, 2000 WL 815894, at *14 (S.D.N.Y. June 23, 2000) (citations omitted); see also Hooper Assoc., Ltd. v. AGS Computers, Inc., 74 N.Y.2d 487, 491 (1989) ("It is not uncommon . . . for parties to a contract to include a promise by one party to hold the other harmless for a particular loss or damage and counsel fees are but another form of damage which may be indemnified in this way."). However, the fee awarded must be reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (stating that it is "for the district court to determine what fee is 'reasonable'").

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 435. This calculation is commonly referred to as the "lodestar" figure, see, e.g., Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563 (1986); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 764 (2d Cir. 1998), and "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."

Hensley, 461 U.S. at 435. The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed. See id. at 433; Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) ("The party seeking the award bears 'the burden of documenting the hours reasonably spent by counsel . . . .'"). Accordingly, the party seeking an award of attorney's fees must support its application by providing contemporaneous time records that detail "for each attorney [and legal assistant], the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). If the documentation is inadequate, the court may reduce the award accordingly. See Hensley, 461 U.S. at 433-34; Molefi v. The Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *16 (E.D.N.Y. Feb. 15, 2007) ("'If such records are inadequate the Court may reduce the award accordingly.'").

Mitsubishi has submitted the affidavit of its counsel, Richard C. Maider, in support of its claim for attorney's fees, which details the services provided to Mitsubishi by its attorneys, the hourly rates at which services were rendered and the total amount of attorney's fees incurred by Mitsubishi in connection with the within action. (Maider Aff. ¶¶ 12-14.) The total amount of attorney's fees claimed amounts to $12,392.00, for a total of 62.3 hours expended between July 2007 and March 2008. (Id., Ex. C.) The hourly billing rates employed by Mitsubishi's counsel are as follows: (1) $275 per hour for a partner; (2) $205 per hour for a senior associate; and (3) $95 per hour for what the undersigned assumes to be either a junior associate or a paralegal. I find the hourly rates to be reasonable. See Cho, 524 F. Supp. 2d at 207 ("Overall, hourly rates for attorneys approved in recent Eastern District of New York cases have ranged from $200 to $350 for partners, $200 to $250 for senior associates, $100 to $150 for junior associates, and $70

to $80 for legal assistants.").

Mitsubishi has also submitted its counsel's contemporaneous billing records, which detail the tasks performed, the hours spent on each discrete task, and the amount charged for each task. (Id., Ex. C.) After reviewing the billing records submitted, I find the hours expended to be reasonable as well. Accordingly, I recommend that Mitsubishi be granted attorney's fees in the amount requested of $12,392.00.

D.     Expenses

"Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (quoting United States Football League, 887 F.2d at 416); see also Miltland Raleigh-Durham v. Meyers, 840 F. Supp. 235, 239 (S.D.N.Y. 1993) ("Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation' of those clients."). "However, expenses which are part of the attorney's ordinary overhead are not to be reimbursed." SEC v. Goren, 272 F. Supp. 2d 202, 214 (E.D.N.Y. 2003) (citing New York State Nat'l Org. for Women v. Terry, 737 F. Supp. 1350, 1363 (S.D.N.Y. 1990).

The expenses claimed in this action are $887.18. Such expenses include the following: (1) court fees; (2) postage; (3) photocopies; (4) process server fees; (5) messenger services; (6) facsimiles; (7) electronic research; and (8) travel. All of these expenses are routinely recoverable.[2] See, e.g., Simmons v. N.Y. City Transit Auth., No. CV-02-1575, 2008 U.S. Dist.

---

[2] Although not initially recoverable, fees associated with electronic research are now routinely reimbursed in connection with attorney's fees applications, provided the charges are not already accounted for in the attorneys' hourly rates. See Arbor Hill Concerned Citizens

LEXIS 16949, at *22-23 (E.D.N.Y. Mar. 4, 2008) (finding costs relating to "filing fees, process servers, postage, travel and photocopying" to be reasonable expenditures for which plaintiff was entitled to reimbursement); Cho, 524 F. Supp. 2d at 212 (reimbursing plaintiff for costs related to "Federal Express, reproduction, telephone, facsimile, postage, deposition services, [and] deposition/hearing transcripts"); Molefi, 2007 U.S. Dist. LEXIS 10554, at *25 (finding that "costs associated with mailings, photocopies, and court fees . . . are precisely the type of costs that may be included in an award of attorney's fees").

Based on the foregoing, I find the expenses requested to be reasonable and recommend that Mitsubishi be granted expenses in the amount of $887.18.

RECOMMENDATION

For the foregoing reasons, I recommend that plaintiff's motion for summary judgment be granted in its entirety and that plaintiff be awarded judgment against the defendants in the amount of $335,188.91, which represents the following: (1) $25,771.15 due and owing under the Motor Vehicle Inventory Loan and Security Agreement; (2) $296,138.58 due and owing under the Installment Note; and (3) attorney's fees and costs in the amount of $13,279.18. Such judgment should be entered jointly and severally against all defendants.

---

Neighborhood Ass'n v. County of Albany, 369 F.3d 91, 97-98 (2d Cir. 2004) ("If [the firm] normally bills its paying clients for the cost of online research services, that expense should be included in the fee award."). Here, the billing records indicate that the cost of electronic research was charged to the client, Mitsubishi, and therefore, is properly recoverable.

OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of the date of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

SO ORDERED.

Dated: Central Islip, New York
July 18, 2008

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge